Entered on Docket
January 13, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: January 13, 2010



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 09-46565 TM
                                         Chapter 7
LOURDES H. TRAUTNER,

        Debtor.
_____/

**MEMORANDUM OF DECISION**

Paul Mansdorf (the "Trustee"), the chapter 7 trustee in the above-captioned case, filed an objection to the claim of J & J Sports Productions, Inc. ("Claimant"). Claimant opposed the objection, and the dispute was presented to the Court on December 3, 2009. At the conclusion of the hearing, the Court took the matter under submission. Having now fully considered the undisputed facts and the applicable law, the Court concludes that Claimant's claim should be allowed in a reduced amount.

**DISCUSSION**

The above-captioned chapter 7 case was filed on July 22, 2009. Claimant filed a timely proof of claim (the "Proof of Claim") asserting an unsecured nonpriority claim in the amount of $101,500. Attached to the Proof of Claim is a copy of a complaint filed in the

United States District Court for the Northern District of California (the "Complaint") on March 10, 2009. The Complaint alleges that Claimant is the owner of the exclusive nationwide commercial distribution rights to a featherweight championship fight telecast on March 15, 2008 (the "Boxing Match"). It alleges that Claimant sublicensed the Boxing Match to various commercial establishments for a fee, not including the above-captioned debtor (the "Debtor"). It alleges that the Debtor, without authorization from Claimant, exhibited the Boxing Match to the public, willfully and for commercial gain.

The Complaint alleges that the Debtor's unauthorized showing of the Boxing Match violated 47 U.S.C. § 605 and § 553. In the Complaint, Claimant seeks damages for violation of § 605 and § 553 in specified amounts and damages and/or restitution for conversion and violation of Cal. Bus. & Prof. Code § 17200 *et seq.* in unspecified amounts.

Also attached to the Complaint is a notice of application and application for default judgment (the "Default Application"). The Default Application asserts that on March 15, 2008, without authorization from Claimant, the Debtor exhibited the Boxing Match at a food and drink establishment owned by the Debtor known as Asian Kitchen Delight (the "Restaurant"). The Default Application seeks a default judgment only on the claims for violation of 47 U.S.C. § 605 and § 553 in the total amount of $101,500. As discussed below, the additional $1,500 relates to the conversion claim.

2

The Default Application is supported by a memorandum of points and authorities ("Memorandum"). In the Memorandum, the Claimant notes that § 605 applies to unauthorized interception of television programming by way of a satellite and that § 553 applies to unauthorized reception of television programming by cable communication. Both sections permit the offended party to recover either actual or statutory damages. In addition, the Court may award enhanced damages if it determines that the violations were committed willfully and financial gain. Claimant asserts that the Restaurant is a commercial establishment and that the Debtor clearly acted willfully by intercepting the Boxing Match. Thus, Claimant contends, it is entitled to both statutory and enhanced damages.

The Memorandum acknowledges that most courts have not awarded damages under both § 605 and § 553 based on a single interception. However, Claimant contends that at least one court in the Northern District did make such an award. Claimant notes that there is a range of permissible statutory damages and that the amounts of the awards in the reported cases have varied. Claimant notes that, to determine intent to obtain commercial gain, courts have sometimes looked for evidence of a cover charge or increased price of food or drinks. Courts have also considered whether the exhibition was advertised and the number of people who viewed the exhibition. However, Claimant contends that such evidence is not essential.

The Default Application is also supported by the Declaration of Thomas Riley, the attorney for Claimant, containing a breakdown of the damages sought: i.e., $50,000 for violation of § 605, $50,000 for

3

violation of § 553, and $1,500 for the tort of conversion. Finally, the Default Application is supported by the affidavit of Gary Gravelyn (the "Affidavit"), an individual apparently employed by Claimant to investigate violations of its exclusive rights. The Affidavit states that, on March 15, 2008, at the Restaurant, the affiant observed the Boxing Match being exhibited to approximately 23 people on two television screens, one of which was a 42 inch flat screen. A cable box was not visible but the Restaurant did have a satellite dish. Based on the Affidavit, the Court will disallow the portion of the Proof of Claim relating to the alleged violation of § 553.

In the objection to the Proof of Claim, the Trustee notes that the permissible statutory damages for violation of § 605 range from $1,000 to $10,000 and permissible enhanced damages range from zero to $100,000. The Trustee contends that, as exemplified by the decisions cited by the parties, the trend in the Northern District is to award minimal statutory damages, e.g., $1,000, and no or minimal enhanced damages when the violation took place in a small establishment with few patrons and was not advertised. In support of this contention, the Trustee cites a series of cases decided by district court judges in the Northern District of California.

In response, Claimant cites a series of proposed decisions by judge magistrates in the Eastern District of California, awarding the full amount of the statutory damages requested in the default applications. Claimant also cites cases from Texas and New York in which more substantial damages were awarded. With respect to the

4

claim for conversion, Claimant notes that a Northern District case awarded conversion damages of $1,500 under similar facts, representing the licensing fee for a commercial establishment of the defendant's size.

But for the filing of the bankruptcy case, this issue would have been decided by the United States District Court for the Northern District of California. Therefore, the cases decided by the district court judges in this district are more persuasive than those decided by district judges or judge magistrates of other districts. Three of these decisions were issued in 2009: i.e., <u>Kingvision Pay-Per-View, Ltd. v. Barron</u>, 2009 WL 347263 (N.D. Cal.); <u>J & J Sports Productions, Inc. v. Cortes</u>, 2009 WL 801554 (N.D. Cal.) and <u>J & J Sports Productions, Inc. v. Guzman et al.</u>, 2009 WL 1034218 (N.D.Cal.) Given their proximity in time, the Court views these decisions as particularly persuasive.

In <u>Cortes</u>, the court awarded statutory damages of $2,000, enhanced damages of $6,000, plus a small amount of attorneys' fees. In <u>Guzman</u>, the court awarded statutory damages of $4,000 with no enhanced damages. The <u>Guzman</u> court declined to award attorneys' fees due to the applicant's failure to present evidence as to the fees incurred. In <u>Barron</u>, the court found that the statutory claims were barred by the statute of limitations and denied them on that basis. However, the court awarded $1,500 on the conversion claim.

Based on these and other Northern District authorities, the Court will allow the Claimant's claim as follows:

(1) statutory damages of $2,000 for violation of § 605,

5

(2) enhanced damages of $6,000 for violation of § 605, and

(3) damages for conversion of $1,500,

for a total award of $9,500. No attorneys' fees will be allowed given the applicant's failure to present evidence of the fees incurred. Except as set forth herein, the Claim will be disallowed. Counsel for the Trustee is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

Reidun Stromsheim
Law Offices of Stromsheim and Assoc.
201 California St. #350
San Francisco, CA 94111

Thomas P. Riley
Law Offices of Thomas P. Riley
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Duane L. Tucker
Law Offices of Duane L. Tucker
27793 Tampa Ave.
Hayward, CA 94544